{¶ 18} I agree with the majority's determination that the probate division of the common pleas court had subject matter jurisdiction over this action. However, I disagree with my colleagues' conclusion that the court could not proceed with the hearing in the absence of the defendant. In my opinion, appellant's failure to appear in compliance with the subpoena which had been issued to her could have been found to be a contempt of court, see Civ.R. 45 and Crim.R. 17(G), but her absence did not preclude the court from hearing the case.
 {¶ 19} A hearing under R.C. 2109.50 is a quasi-criminal proceeding. A defendant in a criminal matter has a right — not an obligation — to be present at all stages of the proceedings. Rights can be waived though. In my opinion, appellant waived her right to be present at the hearing by failing to appear in compliance with the subpoena.
 {¶ 20} Unlike Crim.R. 43 and R.C. 2945.12 (the rules and statute applicable in purely criminal matters), R.C. 2109.50 does not require that "[t]he defendant shall be present" at the commencement of the hearing, precluding the hearing from going forward in the defendant's absence. Rather, R.C. 2109.50 requires the court to "compel the [defendant] to forthwith appear before it to be examined, on oath, touching the matter of the complaint." Thus, the court must compel the defendant's presence as a witness, not because he or she is accused of wrongdoing.
 {¶ 21} Moreover, the court's power under R.C. 2109.51 to imprison a defendant is not a vehicle to compel the defendant's appearance. Rather, R.C. 2109.51 on its face applies only to cases in which the defendant "refuses to answer interrogatories propounded" at the hearing. In order to "refuse to answer interrogatories," the defendant must necessarily have appeared for examination. Thus, the statute describes a contempt power in the event that a defendant appears at a hearing but refuses to respond. In reaching this construction, I would note that R.C. 2109.51
once did require the court to commit to the county jail a defendant who "refuses or neglects to appear and submit to an examination." See In reFife (1956), 164 Ohio St. 449, 452 (quoting former version of R.C.2109.51). This language has been deleted from the current version of the statute.
 {¶ 22} I would hold that the court was not statutorily required to secure the defendant's appearance at the hearing. Therefore, the court did not err by proceeding with the hearing in the appellant's absence. Accordingly, I dissent.